UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| DANIEL D. WARD, | ) | |
| --- | --- | --- |
| Petitioner, | ) | |
| v. | ) | No. 3:25-CV-556-DCLC-JEM |
| DEMETRIC GODFREY, | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Petitioner, a state prisoner, filed a pro se petition seeking habeas corpus relief under 28 U.S.C. § 2254 from his 2011 Campbell County convictions for aggravated sexual battery [Doc. 1 p. 1], that the United States District Court for the Western District of Tennessee transferred to this Court [Doc. 8]. Now before the Court is Respondent's motion to dismiss the petition as time-barred [Doc. 5], in support of which he filed the relevant portions of the state court record [Docs. 5-2–5-6] and a memorandum [Doc. 5-1]. Petitioner did not file a response to this motion, and his time for doing so has passed. W.D. Tenn. L.R. 12.1(b).[1] For the reasons set forth below, the § 2254 petition is untimely. As such, Respondent's motion [Doc. 5] will be **GRANTED**, and this action will be **DISMISSED**.

**I.    STANDARD**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified in 28 U.S.C. § 2241, *et seq*., provides a one-year statute of limitations for an application for a federal

---

[1] As Respondent filed this motion while this case was still in the United States District Court for the Western District of Tennessee and the case remained in that District during Petitioner's time to file a timely response to the motion, the Court cites that District's local rule to support the finding that Petitioner did not file a timely response.

writ of habeas corpus. The statute provides in relevant part that this statute of limitations runs from "the date on which the judgment became final by the conclusion of direct review . . . ." 28 U.S.C. § 2244(d)(1).

## II. BACKGROUND

After Petitioner filed a direct appeal of his convictions, the Tennessee Court of Criminal Appeals ("TCCA") upheld them [Doc. 5-2], and on February 11, 2014, the Tennessee Supreme Court ("TSC") declined to review that decision [Doc. 5-3].

On February 6, 2015, Petitioner, through counsel, filed a petition for post-conviction relief regarding his convictions [Doc. 5-4]. The post-conviction court denied Petitioner relief, and the TCCA affirmed that decision [Doc. 5-5]. On November 14, 2024, the TSC denied review [Doc. 5-6].

On July 7, 2025, Petitioner filed the instant petition for relief under § 2254 [Doc. 1 p. 12].

## III. ANALYSIS

The record demonstrates that Petitioner's § 2254 petition is untimely. As set forth above, on February 11, 2014, the TSC affirmed the TCCA's judgment upholding Petitioner's convictions in his direct appeal [Doc. 5-3]. Thus, Petitioner's federal habeas corpus clock began to run on May 14, 2014, the day after his time to file a petition for a writ of certiorari with the United States Supreme Court regarding this decision expired. *Clay v. United States*, 537 U.S. 522, 524 (2003) (holding that, if no petition for certiorari is filed, the judgment becomes final upon expiration of the ninety-day period for seeking certiorari review in the Supreme Court).

The clock then ran for two-hundred and sixty-eight days and paused on February 6, 2015, when Petitioner filed his post-conviction petition [Doc. 5-4 p. 1]. 28 U.S.C. § 2244(d)(2) (providing that "[t]he time during which a properly filed application for State post-conviction or

2

other collateral relief" does not count towards calculation of the AEDPA statute of limitations). When the clock paused on February 6, 2015, Petitioner had ninety-seven days left to file his federal habeas corpus petition.

The statute of limitations remained paused from February 6, 2015, until November 14, 2024, when the TSC denied review of Petitioner's post-conviction petition [Doc. 5-6]. It then expired ninety-seven days later, on February 19, 2025, without Petitioner seeking other state court collateral review or filing a federal habeas corpus petition. Accordingly, Petitioner's petition for habeas corpus relief under § 2254, which he filed on July 7, 2025 [Doc. 1 p. 12], is untimely.

Notably, however, the AEDPA's statute of limitations is not jurisdictional and is subject to equitable tolling. *Holland v. Florida*, 560 U.S. 631, 645 (2010). Equitable tolling is warranted where a petitioner shows that he diligently pursued his rights, but an extraordinary circumstance prevented him from timely filing his petition. *Id.* at 649. A petitioner bears the burden of demonstrating that he is entitled to equitable tolling, *Pace*, 544 U.S. at 418, and federal courts grant equitable tolling sparingly. *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *see also Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561 (6th Cir. 2000) ("Absent compelling equitable considerations, a court should not extend limitations by even a single day.").

Petitioner has not set forth any reason he is entitled to equitable tolling of the statute of limitations, nor does anything in his petition [Doc. 1] suggest this is the case. Accordingly, the Court will grant Respondent's motion to dismiss the petition as time-barred [Doc. 5].

## IV. CERTIFICATE OF APPEALABILITY

The Court now must consider whether to issue a certificate of appealability (COA), should Petitioner file a notice of appeal. A petitioner may appeal a final order in a § 2254 case only if he

3

is issued a COA, and a district court should issue a COA only where the petitioner has made a substantial showing of the denial of a constitutional right. *See* 28 U.S.C. § 2253(c). To obtain a COA on a claim that has been rejected on procedural grounds, a petitioner must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As reasonable jurists would not debate the Court's ruling that the § 2254 petition is time-barred, a COA will not issue.

V.  **CONCLUSION**

For the reasons set forth above:

1. Respondent's motion to dismiss the petition as time-barred [*Id.*] will be **GRANTED**;

2. A COA will not issue;

3. The Court **CERTIFIES** that any appeal in this matter would not be taken in good faith. Fed. R. App. P. 24(a); and

4. This action will be **DISMISSED**.

**AN APPROPRIATE JUDGMENT ORDER WILL ENTER.**

**ENTER:**

**SO ORDERED:**

s/Clifton L. Corker<br>
United States District Judge